UNITED STATES DISTRICT COURT
DISTRICT COURT OF COLORADO

Case No.: 12-cv-01317-PAB-MJW

UNITRIN AUTO AND HOME INSURANCE COMPANY,
a New York Corporation, a/s/o MICHAEL KLEEMANN,

        Plaintiff,

v.

SCHUMACHER ELECTRIC CORPORATION,
an Illinois Corporation,

        Defendant.

---

## STIPULATED PROTECTIVE ORDER (Docket No. 16-1)

    To expedite the flow of discovery material, to facilitate the prompt resolution of discovery disputes, to adequately protect information that parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED THAT:

    1.    In connection with discovery proceedings in this action, Defendant has been, and Plaintiff may be, called upon to provide discovery and produce documents which are CONFIDENTIAL under the terms of this Protective Order.

    2.    Documents and other material containing CONFIDENTIAL information, as defined herein, shall be so designated by labeling the documents with the legend

"CONFIDENTIAL." Except as otherwise agreed by the Parties, such marking shall be done at the time such documents or other materials are served, copied, or otherwise produced.

3. Absent a specific order by this Court, subject to the provisions of this Protective Order, once designated as CONFIDENTIAL such designated information, and any summaries, abstracts, or documents derived from such information, shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. Material designated CONFIDENTIAL pursuant to this Protective Order may be disclosed or made available only to counsel of record for the Parties, including the professional, paralegal, clerical, secretarial or other employees thereof whose functions require access to CONFIDENTIAL information, and to the following qualified persons:

    (a)    this Court, any juror, any court reporter(s) or videographer(s) employed in this action, or any other entity or person authorized by this Court or required by law;

    (b)    commercial copy services, translators, exhibit preparation services, and data entry and computer support organizations hired by and assisting outside counsel for a Party, provided that such persons receiving CONFIDENTIAL information are made aware of and agree to abide by the provisions of this Order;

    (c)    outside experts or consultants (together with their staff) retained to assist in the prosecution or defense of this action, subject to the terms of Paragraph 11.

5. Any outside expert or consultant to whom that Party desires to disclose CONFIDENTIAL information shall be identified by written notice given to each other Party prior to such disclosure. In the case of an outside expert or consultant, such notice shall include

a copy of the expert's or consultant's curriculum vitae (if not already in the Parties' possession), and a signed CONFIDENTIALITY UNDERTAKING in the form attached hereto as Exhibit A.

6. In the event that any Party or any other individual authorized under this Protective Order to receive CONFIDENTIAL information is served with a subpoena or other judicial process demanding the production or disclosure of any materials designated CONFIDENTIAL, such Party or individual shall: (a) provide all Parties with a copy of such subpoena or other judicial process within five (5) business days following receipt thereof, and prior to making such production or disclosure; and (b) cooperate with the Parties to protect any CONFIDENTIAL information from production or disclosure.

7. Nothing herein is intended in any way to restrict the ability of the receiving Party to use CONFIDENTIAL material produced to it in examining or cross-examining any employee, former employee, agent, expert or consultant of the producing Party, or any person who authored, received or is a named recipient of the CONFIDENTIAL material.

8. If material designated CONFIDENTIAL is filed with this Court, it shall be filed in accordance with D.C.COLO.LCivR 7.2 and D.C.COLO. Electronic Case Filing Procedures ECF Rule 6.

9. All materials filed in, lodged with, or delivered to this Court marked in compliance with Paragraph 8 shall be maintained under Seal as restricted and shall not be disclosed or displayed, except as provided herein or as ordered by this Court.

10. If CONFIDENTIAL material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of

all counsel of record and, without prejudice to other rights and remedies of the Party that produced the material, shall make all reasonable efforts to prevent any further disclosure by it or by the person(s) who received such material.

11. The provisions of this Order shall govern discovery and all pre-trial, trial, and post-trial proceedings related to this action.

12. In the event that any CONFIDENTIAL material is used in any Court proceeding in this action, it shall not necessarily lose its CONFIDENTIAL status through such use, and the Party using such material shall take all steps reasonably available to protect its confidentiality during such use.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and other materials without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any document or other materials under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by any Party or third party; (b) to alter the confidentiality or non-confidentiality of any such document or other material; or (c) to alter any existing obligation of any Party or third party.

14. This Order shall survive the termination of this action to the extent that the information contained in CONFIDENTIAL material is not or does not become known to the public, and this Court shall retain jurisdiction to resolve any dispute concerning the use of material produced hereunder until Termination of This Case. [handwritten insertion] *MJW 8-8-12*

15. Within sixty (60) days of settlement or final judgment in this action, including the time for filing and resolution of all appeals, each Party that is subject to this Order and/or its

4

representatives shall either destroy and certify the destruction of, or return to the producing Party or third party, all CONFIDENTIAL material, and copies of such material. Outside counsel, however, may retain for their files copies of pleadings, depositions and exhibits, trial testimony and exhibits, admissions, answers to interrogatories, and attorney work-product, as counsel deems necessary to preserve an accurate record of the proceedings, provided that copies of any such retained CONFIDENTIAL material shall not thereafter be disclosed to any Party or third party, other than to the provider of such material, if it so requests.

16. Any and all disputes between the Parties regarding the interpretation or enforcement of this Order or any other issue related to the disclosure or protection from disclosure of any material designated CONFIDENTIAL shall be submitted to this Court for a binding ruling until Termination of this case.

17. Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of CONFIDENTIAL information under the terms of this Order from rendering advice to the Parties to this action and, in the course thereof, from generally relying upon his or her examination of such information. In rendering such advice or in otherwise communicating with such Parties, the attorney shall not disclose the specific content of any such information of another Party or third party, whether specifically, generally, inferentially, in summary or otherwise, where such disclosure would not otherwise be permitted under the terms of this Order.

18. A party may challenge the designation of a document or other material as Confidential only as follows:

   a. If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not

otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that disagreement, stating the reason(s) for the challenge. During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

  b. If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 30 days from the receipt of the written challenge notice to apply to the Court for an order confirming the "CONFIDENTIAL" designation. The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

19. This Protective Order may be altered or amended by the Court upon request by either Party only with a showing of good cause.

ORDERED on this 8Th day of August, 2012.

/s/ Michael J. Watanabe
UNITED STATES MAGISTRATE JUDGE
HONORABLE MICHAEL J. WATANABE
DISTRICT OF COLORADO

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT COURT OF COLORADO

Case No.: 12-cv-01317-PAB-MJW

UNITRIN AUTO AND HOME INSURANCE COMPANY,
a New York Corporation, a/s/o MICHAEL KLEEMANN,

      Plaintiff,

v.

SCHUMACHER ELECTRIC CORPORATION,
an Illinois Corporation,

      Defendant.

## CONFIDENTIALITY UNDERTAKING

I, _____, state as follows:

1. My current address is: _____
and my present occupation is _____.

2. I have been provided with a copy of the Protective Order entered in this action and I have reviewed its terms and conditions.

3. I understand the terms and conditions of the Protective Order entered in this action and I agree to be bound by it.

4. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____
                                                      (Signature)